Mark W. Bucher
mark@calpolicycenter.org
CA S.B.N. # 210474
Law Office of Mark W. Bucher
18002 Irvine Blvd., Suite 108
Tustin, CA 92780-3321
Phone: 714-313-3706
Fax: 714-573-2297

Brian K. Kelsey (*Pro Hac Vice Application to be Filed*)
bkelsey@libertyjusticecenter.org
Reilly Stephens (*Pro Hac Vice Application to be Filed*)
rstephens@libertyjusticecenter.org
Liberty Justice Center
190 South LaSalle Street
Suite 1500
Chicago, Illinois 60603
Phone: 312-263-7668
Fax: 312-263-7702

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Alfred Sweet,<br><br>    Plaintiff,<br><br>v.<br><br>California Association of Psychiatric Technicians; Stephanie Clendenin, in her official capacity as Acting Director of the California Department of State Hospitals; and Xavier Becerra, in his official capacity as Attorney General of California,<br><br>    Defendants. | Case No. _____<br><br>**COMPLAINT SEEKING DECLARATORY RELIEF, INJUNCTIVE RELIEF, AND DAMAGES FOR DEPRIVATION OF FIRST AMENDMENT RIGHTS** |

# INTRODUCTION

1. Government employees have a First Amendment right not to be compelled by their employer to join a union or to pay any fees to that union unless an employee "affirmatively consents" to waive that right. *Janus v. AFSCME*, 138 S. Ct. 2448, 2486 (2018). Such a waiver must be "freely given and shown by 'clear and compelling' evidence." *Id*.

2. Union dues deduction agreements signed in jurisdictions that required agency fees before the Supreme Court's decision in *Janus* are no longer enforceable. Union members who signed such agreements could not have freely waived their right not to join or pay a union because the Supreme Court had not yet recognized that right. All government employees must be given the choice either to join the union or not to join the union without paying dues or fees to the union.

3. Plaintiff, Alfred Sweet, is a psychiatric technician employed by the Atascadero State Hospital (the "Hospital"). Prior to the Supreme Court's decision in *Janus* on June 27, 2018, Mr. Sweet was a union member of Defendant California Association of Psychiatric Technicians ("CAPT").

4. CAPT is violating Mr. Sweet's First Amendment rights to free speech and freedom of association by refusing to allow him to withdraw his membership and by continuing to charge him union dues after the Supreme Court's June 27, 2018 decision in *Janus* based solely on a union card Mr. Sweet signed before the *Janus* decision. Any union card Mr. Sweet may have signed before the *Janus* decision could not have constituted "affirmative consent" by Mr. Sweet to waive his First Amendment right not to have union dues or fees withheld from his paycheck.

5. Defendant California Department of State Hospitals Acting Director Stephanie Clendenin ("Director Clendenin"), acting in her official capacity, is violating Mr. Sweet's First Amendment rights to free speech and freedom of association by continuing to withhold union dues from his paycheck, and, on information and belief, is transmitting those funds

to Defendant CAPT, despite not having received freely given, affirmative consent from Mr. Sweet to do so.

6. Defendant Xavier Becerra ("General Becerra"), in his official capacity as Attorney General of California, is violating Mr. Sweet's First Amendment rights to free speech and freedom of association by continuing to defend California laws that prohibit Mr. Sweet from ending the withholding of union dues from his paycheck until thirty days before the expiration of the union contract with the Hospital. Cal. Gov't Code §§ 1157.12, 3513(i), 3515, and 3515.5.

7. General Becerra is violating Mr. Sweet's First Amendment rights to free speech and freedom of association by continuing to defend California laws that require the deduction of full union dues from his paycheck, even though he requested to become an agency fee payer. Cal. Gov't Code §§ 3515 and 3515.7.

8. General Becerra is violating Mr. Sweet's First Amendment rights to free speech and freedom of association by continuing to defend California laws that require CAPT to be the "exclusive representative" of Mr. Sweet, whether he is a union member or not. Cal. Gov't Code §§ 3515.5 and 3520.5.

9. Mr. Sweet, therefore, brings this case under 42 U.S.C § 1983 and 28 U.S.C. § 2201(a), seeking declaratory and injunctive relief, as well as damages in the amount of the dues previously deducted from his paychecks.

## PARTIES

10. Plaintiff, Alfred Sweet, is a psychiatric technician employed by Atascadero State Hospital. He resides in San Luis Obispo County, California.

11. Defendant California Association of Psychiatric Technicians is a labor union headquartered at 1220 S Street, Suite 100, Sacramento, California, 95811 in Sacramento County.

12. Defendant Stephanie Clendenin is sued in her official capacity as the Acting Director of the California Department of State Hospitals ("DSH"), the state public hospital

system. DSH is headquartered at 1600 9th Street, Rm. 151, Sacramento, CA 95814 in Sacramento County.

13. Attorney General Xavier Becerra is sued in his official capacity as the representative of the State of California charged with the enforcement of state laws, including the provisions challenged in this case. His address for service of process is 1300 "I" Street Sacramento, CA 95814 in Sacramento County.

## JURISDICTION AND VENUE

14. This case raises claims under the First and Fourteenth Amendments of the U.S. Constitution and 42 U.S.C. § 1983. The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

15. Venue is proper because all the defendants in the case are headquartered in the Eastern District of California. 28 U.S.C. 1391(b)(1).

## FACTS

16. Plaintiff, Alfred Sweet, has been a psychiatric technician employed by Atascadero State Hospital since January 2011.

17. Atascadero State Hospital is a public hospital run by the California Department of State Hospitals.

18. When Mr. Sweet began his employment with DSH in January 2011, he joined CAPT.

19. Mr. Sweet later served as chairman of the American Association of Psychiatric Technicians, during which service he developed a poor opinion of the representation CAPT provides its members.

20. Mr. Sweet also grew concerned regarding CAPT's management practices and the lack of transparency in CAPT's bookkeeping. He voiced his complaints of those practices repeatedly.

21. On July 13, 2014, Mr. Sweet requested to leave the union.

22. On other occasions, Mr. Sweet also requested to leave the union and to become an agency fee payer, but his requests were denied.

23. After the Supreme Court issued its decision in *Janus* on June 27, 2018, Mr. Sweet learned that he had the right both not to be a member of the union and not to pay any money to the union. Mr. Sweet submitted a resignation letter to CAPT, explaining that the union agreement he had signed in January 2011 was invalid after the Supreme Court's decision in *Janus*. Mr. Sweet requested, once again, to resign from the union and stop having its dues deducted from his paycheck. He pleaded that he may have to resort to legal action to uphold his constitutional rights.

24. Mr. Sweet also sent a copy of his resignation letter to the payroll department at DSH, but he was advised by the department that all communications should be made to CAPT.

25. CAPT responded to Mr. Sweet's resignation letter with its own letter stating that Mr. Sweet was not permitted to resign his union membership except during a thirty-day window prior to the expiration of the collective bargaining agreement, or June 1 to July 1, 2019.

26. The current CAPT collective bargaining agreement went into effect on July 1, 2016, and expires on July 1, 2019. Employees are, therefore, locked into union membership for three years at a time.

27. Director Clendenin has deducted union dues from Mr. Sweet's paychecks since he began employment in January 2011 and has, on information and belief, remitted those dues to CAPT. Director Clendenin continues to deduct those dues, now approximately fifty-nine dollars ($59) per month, despite Mr. Sweet's repeated requests that the deductions be stopped.

28. Under California law, unions that claim to represent public employees can petition for recognition in order to be granted "exclusive representative" status. Cal. Gov't Code § 3520.5.

29. Once the exclusive representative is certified, "the recognized employee organization is the only organization that may represent that unit in employment relations with the state." Cal. Gov't Code § 3515.5. The union then has the exclusive right to represent the employees as to "wages, hours of employment, and other terms and conditions of employment." Cal. Gov't Code § 3516.

30. Once a union has been certified, an employee, whether he agrees with the union's positions or not, is required by statute to either join the union and pay dues or to provide it "organizational security" via a "fair share fee," or agency fee. Cal. Gov't Code § 3515.7; *see also* Cal. Gov't Code § 3515.

31. Public employers must deduct dues from the paychecks of employees who have signed a written authorization and must remit those funds to the union. Cal. Gov't Code §§ 1152, 3515.6, and 3515.7. Employee requests to cancel or change their dues deductions are to be directed to the union rather than the employer. Cal. Gov't Code §1157.12. Employers are instructed to rely on the union to determine which employees have authorized the deduction of dues and which have not. *Id.*

32. A certified union has the authority to set "reasonable" terms by which employees may withdraw from union membership. Cal. Gov't Code § 3515.5; *see also* Cal. Gov't Code § 3515 (allowing unions to impose a "maintenance of membership" requirement). However, the bar for reasonableness is so low under California law that it is met as long as the "maintenance of membership" requirement allows members to withdraw within a 30-day window prior to the expiration of the union memorandum of understanding with the public employer. *See* Cal. Gov't Code § 3513(i).

## COUNT I
**By refusing to allow Mr. Sweet to withdraw from the union and continuing to deduct his dues, CAPT and Director Clendenin are violating his First Amendment rights to free speech and freedom of association.**

33. The allegations contained in all preceding paragraphs are incorporated herein by reference.

34. Requiring a government employee to join a union or to pay fees to a union violates that employee's First Amendment rights to free speech and freedom of association unless the employee "affirmatively consents" to waive the rights. *Janus v. AFSCME*, 138 S. Ct. 2448, 2486 (2018). Such a waiver must be "freely given and shown by 'clear and compelling' evidence." *Id*.

35. The rights to free speech and freedom of association in the First Amendment have been incorporated to and made enforceable against the states through the Fourteenth Amendment guarantee of Due Process. *Id*. at 2463; *NAACP v. Alabama*, 357 U.S. 449 (1958); *Gitlow v. New York*, 268 U.S. 652 (1925).

36. 42 U.S.C. 1983 provides a cause of action for both damages and injunctive relief against any person who, under color of law of any state, subjects any person within the jurisdiction of the United States to a deprivation of any rights, privileges, or immunities secured by the Constitution.

37. 28 U.S.C. § 2201(a) allows a court of the United States, as a remedy, to declare the rights and other legal relations of interested parties.

38. After the Supreme Court's decision in *Janus* on June 27, 2018, Mr. Sweet did not provide any affirmative consent to remaining a member of CAPT or to union dues being withheld from his paycheck by Director Clendenin.

39. Director Clendenin is a state actor, who is deducting dues from Mr. Sweet's paycheck under color of state law.

40. General Becerra is a state actor, who is defending California laws allowing for the deduction of dues from Mr. Sweet's paycheck under color of state law.

41. CAPT is acting in concert with Director Clendenin to collect union dues from Mr. Sweet's paycheck without his consent and refuses to withdraw his union membership. In doing so, CAPT is acting under color of state law. CAPT is acting pursuant to an exclusive collective bargaining agreement negotiated with a state entity, is following the

laws of the State of California in doing so, and is utilizing the state payroll system to exact its dues.

42. CAPT and Director Clendenin have limited withdrawal from the union to an arbitrary 30-day period once every three years and insist that Mr. Sweet can only exercise his First Amendment rights at that time.

43. The actions of CAPT, Director Clendenin, and General Becerra constitute a violation of Mr. Sweet's First Amendment rights to free speech and freedom of association not to join or financially support a union without his affirmative consent.

44. Because Mr. Sweet was not given the option of paying nothing to the union as a non-member of the union, he could not have provided affirmative consent to join the union. Any consent that Mr. Sweet may have given to dues collection was not "freely given" because it was given based on an unconstitutional choice between union membership or payment to the union of agency fees without the benefit of union membership. *Janus*, 138 S. Ct. at 2486. If Mr. Sweet's choice had been between paying union dues or paying nothing, he would have chosen to pay nothing. Therefore, Mr. Sweet's alleged consent, compelled by the false information and false dichotomy given to him, was not "freely given." *Id*.

45. Mr. Sweet is entitled to an injunction under 42 U.S.C. § 1983 ordering CAPT immediately to withdraw his union membership.

46. Mr. Sweet is entitled to an injunction under 42 U.S.C. § 1983 ordering Director Clendenin immediately to stop deducting union dues from his paycheck.

47. Mr. Sweet is entitled to a declaration under 42 U.S.C. § 1983 and 28 U.S.C. § 2201(a) that Cal. Gov't Code §§ 1157.12, 3513(i), 3515, and 3515.5 constitute an unconstitutional violation of his First Amendment rights to free speech and freedom of association for allowing the withholding of union dues from his paycheck until thirty days before the expiration of the union contract.

48. Mr. Sweet is entitled to a declaration under 42 U.S.C. § 1983 and 28 U.S.C. § 2201(a) that Cal. Gov't Code §§ 3515 and 3515.7 constitute an unconstitutional violation

of his First Amendment rights to free speech and freedom of association for allowing the deduction of agency fees from his paycheck after he requested to become an agency fee payer.

49. Mr. Sweet is entitled under 42 U.S.C. § 1983 to damages in the amount of all dues deducted and remitted to CAPT since the commencement of his employment in January 2011.

50. In the alternative, Mr. Sweet is entitled under 42 U.S.C. § 1983 to damages in the amount of all dues deducted and remitted to CAPT since the ruling in *Janus* on June 27, 2018.

## COUNT II
**The state law forcing Mr. Sweet to continue to associate with CAPT without his affirmative consent violates Mr. Sweet's First Amendment rights to free speech and freedom of association and 42 U.S.C. § 1983.**

51. The allegations contained in all preceding paragraphs are incorporated herein by reference.

52. "Compelling individuals to mouth support for views they find objectionable violates that cardinal constitutional command, and in most contexts, any such effort would be universally condemned." *Janus*, 138 S. Ct. at 2463.

53. For this reason, the Supreme Court has repeatedly affirmed that "[f]orcing free and independent individuals to endorse ideas they find objectionable is always demeaning . . . a law commanding 'involuntary affirmation' of objected-to beliefs would require 'even more immediate and urgent grounds' than a law demanding silence." *Janus*, 138 S. Ct. at 2464 (2018) (quoting *West Virginia Bd. of Ed.* v. *Barnette*, 319 U. S. 624, 633 (1943)).

54. Therefore, courts should scrutinize compelled associations strictly, because "mandatory associations are permissible only when they serve a compelling state interest that cannot be achieved through means significantly less restrictive of associational

freedoms." *Knox v. SEIU*, 567 U.S. 298, 310 (quoting *Roberts v. United States Jaycees*, 468 U.S. 609, 623 (1984)) (internal quotation marks omitted).

55. In the context of public sector unions, the Supreme Court has likewise recognized that "[d]esignating a union as the employees' exclusive representative substantially restricts the rights of individual employees. Among other things, this designation means that individual employees may not be represented by any agent other than the designated union; nor may individual employees negotiate directly with their employer." *Janus,* 138 S. Ct. at 2460.

56. California law expressly grants the union the right to speak on Mr. Sweet's behalf on matters of serious public concern, including the wages, hours, and other conditions of employment of public employees like Mr. Sweet. Cal. Gov't Code § 3516. These topics are inherently political questions in the context of public sector unions. *Janus*, 138 S. Ct. 2473.

57. Under color of state law, Director Clendenin has designated CAPT as Mr. Sweet's exclusive representative for bargaining purposes and has negotiated the terms and conditions of Mr. Sweet's employment with CAPT. Cal. Gov't Code §§ 3515.5, 3516, and 3520.5.

58. Under color of state law, CAPT has acted as Mr. Sweet's exclusive representative in negotiating the terms and conditions of his employment.

59. This designation compels Mr. Sweet to associate with the union and, through its representation of him, it compels him to petition the government with a certain viewpoint, despite that viewpoint being in opposition to Mr. Sweet's own goals and priorities for the State of California.

60. The exclusive representative provisions of Cal. Gov't Code §§ 3515.5 and 3520.5 and all related provisions are, therefore, an unconstitutional abridgement of Mr. Sweet's right under the First Amendment not to be compelled to associate with speakers and organizations without his consent.

61.     Mr. Sweet is entitled to a declaration under 42 U.S.C. § 1983 and 28 U.S.C. § 2201(a) that Cal. Gov't Code §§ 3515.5 and 3520.5 and all related provisions constitute an unconstitutional violation of his First Amendment rights to free speech and freedom of association for requiring CAPT to serve as his exclusive representative for bargaining purposes.

## PRAYER FOR RELIEF

Mr. Sweet respectfully requests that this Court:

a.     Declare that limiting the ability of Mr. Sweet to resign his union membership to a window of time is unconstitutional because he did not provide affirmative consent;

b.     Declare that Mr. Sweet's signing of a union card cannot provide a basis for his affirmative consent to waive his First Amendment rights upheld in *Janus* because such authorization was based on the unconstitutional choice between paying the union as a member or paying the union as a non-member;

c.     Declare that the practice by Director Clendenin of withholding union dues from Mr. Sweet's paycheck has been unconstitutional because Mr. Sweet did not provide affirmative consent for him to do so;

d.     Enjoin Director Clendenin from deducting dues from Mr. Sweet's paycheck, unless he first provides freely given, affirmative consent;

e.     Enjoin CAPT from collecting dues from Mr. Sweet, unless he first provides freely given, affirmative consent;

f.     Award damages against CAPT for all union dues collected from Mr. Sweet during his employment by the Hospital;

g.     In the alternative, award damages against CAPT for all union dues collected from Mr. Sweet since the *Janus* decision on June 27, 2018;

h. Enjoin General Becerra from enforcing Cal. Gov't Code §§ 3515 and 3515.7 and any other provisions of California law that require Mr. Sweet to pay what amount to agency fees to CAPT because he requested to become an agency fee payer;

i. Enjoin General Becerra from enforcing Cal. Gov't Code §§ 1157.12, 3513(i), 3515, and 3515.5 and all other provisions of California law that require Mr. Sweet to wait until a specified window of time to stop the deduction of union dues from his paycheck.

j. Declare that Mr. Sweet has a constitutional right not to be represented by CAPT as his exclusive representative without his affirmative consent;

k. Enjoin CAPT from acting as Mr. Sweet's exclusive representative in bargaining negotiations with his employer, DSH;

l. Enjoin General Becerra from enforcing Cal. Gov't Code §§ 3515.5 and 3520.5 and all other provisions of California law that provide for exclusive representation of employees who do not affirmatively consent to union membership;

m. Award Mr. Sweet his costs and attorneys' fees under 42 U.S.C. § 1988; and

n. Award Mr. Sweet any further relief to which he may be entitled and such other relief as this Court may deem just and proper.

Dated: February 26, 2019

Respectfully submitted,

/s/ Mark W. Bucher
Mark W. Bucher
mark@calpolicycenter.org
CA S.B.N. # 210474
Law Office of Mark W. Bucher
18002 Irvine Blvd., Suite 108
Tustin, CA 92780-3321
Phone: 714-313-3706
Fax: 714-573-2297

/s/ Brian K. Kelsey
Brian K. Kelsey (*Pro Hac Vice to be filed*)
bkelsey@libertyjusticecenter.org
Reilly Stephens (*Pro Hac Vice to be filed*)
rstephens@libertyjusticecenter.org
Liberty Justice Center
190 South LaSalle Street
Suite 1500
Chicago, Illinois 60603
Phone: 312-263-7668
Fax: 312-263-7702

*Attorneys for Plaintiff*