UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| ALFRED SWEET, | No. 2:19-cv-00349-JAM-AC |
|---|---|
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |
| CALIFORNIA ASSOCIATION OF PSYCHIATRIC TECHNICIANS, et al., | |
| Defendants. | |

This case arises out of Plaintiff Alfred Sweet's attempt to end his union membership. Alfred Sweet ("Plaintiff" or "Sweet") alleges the California Association of Psychiatric Technicians ("CAPT") violated his First Amendment rights to free speech and free association by refusing to immediately accept his resignation from union membership and by continuing to deduct union dues from his paycheck (Count I). Sweet further alleges the California laws which provide designated unions like CAPT with exclusive representation of collective bargaining units, including union nonmembers, are unconstitutional abridgements of his First Amendment rights (Count II).

CAPT moves to dismiss Count II of the Complaint. Mot., ECF No. 17-1. Sweet opposes the motion. Opp'n, ECF No. 24.

For the reasons set forth below, this Court GRANTS defendant CAPT's motion.[1]

I. FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Plaintiff Alfred Sweet is a psychiatric technician employed by the Atascadero State Hospital ("Atascadero"). Compl. ¶ 16. Atascadero is a public hospital run by the California Department of State Hospitals. Id. ¶ 17. CAPT is the exclusive representative available to Sweet for collective bargaining with California. Id. ¶¶ 28-30, 41, 56-58. Sweet became a member of CAPT in January 2011, upon the start of his employment with Atascadero. Id. ¶ 18. During his tenure with Atascadero, Sweet has developed and raised concerns about CAPT's management practices and representation of its members. Id. ¶¶ 19-20. On several occasions, Sweet requested to leave the Union, but the Union denied his requests. Id. ¶¶ 21-22. Most recently, after the Supreme Court's decision in Janus, Sweet submitted a letter to CAPT requesting to resign his membership and that CAPT stop deducting dues from his paycheck. Id. ¶ 23. CAPT responded that Sweet could not resign his membership except within the thirty-day window prior to the expiration of the current collective bargaining agreement, in this case June 1 to July 1, 2019. Id. ¶¶ 24-25.

Sweet filed the Complaint on February 27, 2019, arguing (1) CAPT violated his rights to free speech and free association by refusing to allow Sweet to immediately withdraw from the union

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for July 16, 2019.

2

and by continuing to deduct union dues (Count I); and (2) California's exclusive representation provisions for collective bargaining – namely California Government Code Sections 3515.5 and 3520.5 – violate the First Amendment by forcing him to continue to associate with CAPT without his affirmative consent (Count II). Compl., ECF No. 1. Sweet seeks declaratory, injunctive, and monetary relief. Id.

CAPT has since accepted Sweet's resignation, effective June 1, 2019, and has ceased deducting dues as of Sweet's paycheck for the June 1-15, 2019 pay period. Joint Response to Court, ECF No. 31. Nevertheless, Sweet remains a publicly-employed psychiatric technician and thus CAPT continues to represent him in employment negotiations with California.

## II. OPINION

CAPT argues Sweet's free association challenge in Count II is barred by Minnesota State Bd. for Cmty. Colleges v. Knight, 465 U.S. 271 (1984) ("Knight"), and Mentele v. Inslee, 916 F.3d 783 (9th Cir. 2019) ("Mentele"). Mot. at 8-11. Sweet contends that Knight and Mentele can be distinguished, and that the logic of the Supreme Court's decision in Janus v. Am. Fed'n of State, Cty., & Mun. Employees, Council 31, 138 S. Ct. 2448 (2018) ("Janus"), supports his contention that California's statutory scheme compels him to petition the government with a viewpoint that is inconsistent with his own goals and priorities. Opp'n. This Court agrees with CAPT.

A. Statutory Landscape

California law permits state employees "to select one employee organization as the exclusive representative of the

employees in an appropriate unit, and to permit the exclusive representative to receive financial support from those employees who receive the benefits of this representation." Cal. Gov't Code § 3512. The employees petition the state for recognition of the selected union for exclusive representative status. Cal. Gov't Code § 3520.5. Once the exclusive representative is certified by the state, "the recognized employee organization is the only organization that may represent that unit in employment relations with the state." Cal. Gov't Code § 3515.5. That representation extends to matters including wages, hours, and other conditions of employment. Cal. Gov't Code § 3516. The exclusive representative must "fairly represent each and every employee in the . . . unit." Cal. Gov't Code § 3544.9.

    B.    *Knight*

In Knight, the Supreme Court considered a Minnesota law that "provide[d] for the division of public employees into appropriate bargaining units and establishe[d] a procedure, based on majority support within a unit, for the designation of an exclusive bargaining agent for that unit." 465 U.S. at 273-75. The law "require[d] public employers to 'meet and negotiate' with exclusive representatives concerning the 'terms and conditions of employment,'" which included hours of employment, compensation, and personnel policies. Id. Accordingly, employers could "neither 'meet and negotiate' nor 'meet and confer' with any members of that bargaining unit except through their exclusive representative." Id. A group of twenty Minnesota community college faculty instructors, who were not members of the union deemed the exclusive bargaining representative for college

4

faculty, challenged the law. Id. at 275-79. The Supreme Court upheld the law, concluding that the nonmembers' "speech and associational rights . . . have not been infringed by Minnesota's restriction of participation in 'meet and confer' sessions to the faculty's exclusive representative. [Minnesota] has in no way restrained [the nonmembers'] freedom to speak on any education-related issue or their freedom to associate or not to associate with whom they please, including the exclusive representative." Id. at 288. The Court continued, the nonmembers' "associational freedom has not been impaired. [They] are free to form whatever advocacy groups they like." Id. at 289.

Sweet has failed to distinguish the Minnesota law and exclusive representation structure at issue in Knight from the California laws he now challenges. He argues the "central issue of the Knight decision is whether plaintiffs could compel the government to negotiate with them instead of, or in addition to, the union." Opp. at 9. This Court disagrees. The Supreme Court's opinion, and the question presented, in Knight were not confined to that one single issue. Knight, 465 U.S. at 273 ("The question presented in this case is whether this restriction on participation in the nonmandatory-subject exchange process violates the constitutional rights of professional employees within the bargaining unit who are not members of the exclusive representative and who may disagree with its views. We hold that it does not.").

Thus, this Court finds that Knight squarely addresses, and forecloses, the claim in Count II of the Complaint.

///

C.  *Janus*

Mr. Sweet nevertheless argues that the Supreme Court's decision in Janus "eroded the foundations of Knight" and therefore this Court should revisit the question presented in Knight. Opp. at 10-12. It is true that in Janus the Supreme Court recognized, "Designating a union as the employees' exclusive representative substantially restricts the rights of individual employees. Among other things, this designation means that individual employees may not be represented by any agent other than the designated union; nor may individual employees negotiate directly with their employer." 138 S. Ct. at 2460. But the Supreme Court went no further, and the holding in Janus is only that non-consensual agency fees charged by unions to nonmembers are constitutionally impermissible. Id. at 2486.

In fact, Janus raises the exclusive bargaining unit issue and, in the very next sentence, severs that issue from its holding. Id. at 2478 ("It is also not disputed that the State may require that a union serve as exclusive bargaining agent for its employees—itself a significant impingement on associational freedoms that would not be tolerated in other contexts. We simply draw the line at allowing the government to go further still and require all employees to support the union irrespective of whether they share its views."). Indeed, the overwhelming focus of Janus is on freedom of speech, not association, and, accordingly, Knight is never mentioned in Janus. And Janus even seems to explicitly accept the constitutionality of exclusive bargaining units, so long as they abide by their duty to represent all employees fairly. Id. at 2469. The reasoning of

Janus therefore does not require the significant finding that Knight has been overruled *sub silentio*.

Thus, this Court is not convinced it can, or should, disregard the holding of Knight in light of Janus.

D. *Mentele*

Consistent with this Court's preceding analysis, Mentele, a post-Janus, binding Ninth Circuit case, reaffirmed Knight and thus precludes Sweet's free association claim. In Mentele, two Washington state childcare providers challenged, on free association grounds, the state's authorization of a specific union to act as the exclusive bargaining representative for all of Washington's publicly subsidized childcare providers, including union nonmembers. Mentele, 916 F.3d 784-85; Wash. Rev. Code § 41.56.080 (certified unions are "required to represent[ ] all the public employees within the unit without regard to membership."). The Ninth Circuit analyzed both Knight and Janus, found Knight's precedent more directly applicable, and held that Washington's authorization of the exclusive bargaining representative did not infringe the union nonmembers' First Amendment rights. Id. at 786-89.

Sweet argues Mentele can be distinguished because it considered the rights of only "partial" state employees with limited representation by the union, whereas Sweet is a full public employee and CAPT claims full representation of him. Opp'n at 13-14. This is a distinction without a difference. Mentele's primary reasoning is grounded in Knight's analysis of full public employees, and Mentele's application of Knight is therefore not limited to "partial" state employees.

1    Thus, this Court follows the Ninth Circuit's post-<u>Janus</u>
2 reasoning in <u>Mentele</u> and finds that Sweet's free association
3 claim fails.

    E.   Conclusion

    This Court finds that <u>Knight</u> and <u>Mentele</u> foreclose Sweet's First Amendment associational challenge to the provisions of California law, including California Government Code Sections 3515.5 and 3520.5, that provide for designated unions' exclusive representation of public employees.  Bound by Supreme Court and Ninth Circuit precedent, this Court declines to address the parties' remaining arguments regarding whether California's statutory scheme impairs Sweet's First Amendment rights and, if so, whether such an impairment is nevertheless permissible.  Mot. at 12-15; Opp'n at 15-20.  This Court also rejects the free speech claim presented in Count II because Sweet's opposition brief, which focuses exclusively on associational rights, seems to concede any compelled speech claim, and because this argument fails as a matter of law.  See <u>Knight</u>, 465 U.S. at 288.

    Therefore, Count II of the Complaint is dismissed for failure to state a claim.

### III.  ORDER

    For the reasons set forth above, this Court GRANTS defendant CAPT's Motion to Dismiss.  ECF No. 17.  Amendment being futile, Count II of the Complaint is hereby DISMISSED WITH PREJUDICE.

    IT IS SO ORDERED.

Dated: August 27, 2019

*JOHN A. MENDEZ,*
*UNITED STATES DISTRICT JUDGE*